Good morning, your honors. May it please the court, Jonathan Libby appearing on behalf of the appellant, Thomas Reyes. Let me begin by bringing to this court's attention that Mr. Reyes has completed the 16-month sentence that was imposed in this case and was released from custody yesterday. I don't believe that this renders the Blakely argument moot, and I would cite this court to United States v. Verdeen, the RDIN 243, Fed 3rd, 1174. Judge Fletcher, I believe you, in fact, served on that panel, in which this court said because there could still be an impact on the supervised release term, the case is not moot. Now, with respect to the Blakely argument itself, under Blakely and Ameline, it was not moot. Also, going back to the prior Supreme Court cases in Jones and Apprendi and Cotton, any fact other than the fact that a prior conviction increases the maximum sentence must be charged in the indictment, submitted to a jury and proved beyond a reasonable doubt. Here, of course, because we're dealing with post-defense obstructive conduct, it was never charged in an indictment. And in fact, the Supreme Court addressed that very issue in Blakely. Justice O'Connor, in her dissent, complained that under the Court's decision, obstruction of justice could never be given as an enhancement under Blakely, and the majority's answer to that was, well, that's right. That essentially it is something that would have to be charged as a separate crime if the government wanted to take the time to do that when it's a minor situation, which, again, we have here. We were to have some Blakely issues and get a reduction in the sentence. What would it do to the term of the supervised release? Well, he received the maximum term of supervised release of three years. Right. And could he – let's say we took out the obstruction of justice sentence and so forth. Would it be any less? Well, if obstruction of justice was not in the mix, then the maximum sentence he could have received was 12 months. And under the guidelines, if the sentence that the defendant receives is 12 months or less, then the Court is under no obligation to impose a term of supervised release. When the sentence imposed is beyond 12 months, then the Court, under the guidelines, is required to impose a term of supervised release. But he could impose three years of supervised release in his discretion? He still could do that under the guidelines. That's correct, Your Honor. And also with respect to the obstruction enhancement, you know, while Mr. Reyes did, in fact, admit that he lied to his probation – to the probation officer during the pre-sentence investigation, that's not the only element required to prove obstruction – obstruction of justice enhancement. There were other elements that still needed, I believe, under Blakeley and Ameline, still needed to be submitted to a jury and proved beyond a reasonable doubt. Since that was not done here, we have a classic Blakeley violation. And assuming Booker and Fanfan uphold Blakeley and Ameline, then this case should be vacated and re-sentencing ordered on the Blakeley issue. Now, with respect to the we would ask that the condition be vacated or at a minimum that the matter be remanded so that the judge can give an explanation for why the search condition was imposed. This condition required Mr. Reyes to submit his personal proxies for search and seizure at any time of the day or night by any law enforcement officer. The Court gave no explanation for why the condition was necessary in this case. In this case, the probation officer in his letter said, we've got to really watch this guy. He's busy filing bankruptcy petitions and generally defrauding folks. And so we really want to supervise him closely. Can we assume that the district court judge adopted that view because of what he imposed? Well, I think we can certainly assume that the district court adopted that view. The problem, of course, though, is this condition went beyond merely having the probation officer supervise Mr. Reyes. This condition does not say that he's subject to search and seizure by his probation officer at any time, which in fact is a discretionary condition under the law that could be imposed. This is a special condition of supervised release which allows him to be subject to search at any time of the day or night by any law enforcement officer. So the explanation given by the probation officer, in fact, was not sufficient to justify this condition. It may have been sufficient to justify some type of condition, but not the condition that was imposed here. So we would ask that at a minimum there be a remand so the court can explain why it was necessary here. I would note that Judge Carter appears to apply this identical condition in every case that he has, which would seem to suggest that he's not, in fact, exercising the discretion necessary to impose a special condition. That's really not in the record. But that is not in the record. I certainly would concede that, Your Honor. And also, because this is a special condition, there needs to be some narrow tailoring. You know, the condition may not be overbroad. It can involve no greater deprivation of liberty than is reasonably necessary to protect the public or prevent recidivism. You know, Mr. Reyes is a man in his 60s. His wife is of poor health, and this condition as it stands would authorize police to conduct any type of search, just essentially come knocking on the door at 3 o'clock in the morning without any justification whatsoever. In fact, there was a decision just a couple months ago by you, Judge Fletcher, in Mollie v. Parks, which talked about how a parole condition can sometimes be abused by the police, where police can, you know, without any justification whatsoever, when there's a condition such as this, conduct unreasonable and harassing searches. And that's why this search was, this search condition was improper in this case, and we would ask that you vacate it. Thank you. Thank you. Good morning, Your Honor. May it please the Court. My name is Carmen Noeje. I'm here on behalf of the United States Government. Initially, I'd like to thank the panel and counsel for agreeing to move this hearing from Friday to today. I truly appreciate that. With regards to the question of, I came prepared mostly to address the question of, you know, the problem of Ameline and Blakely in this case, not knowing, as counsel has pointed out, that the defendant has already finished serving his sentence. So that raises a question as to how important that issue now becomes to the panel in deciding this, to the extent that it is of some concern to the Court. My view on that subject, the government's view on that subject is that when the evidence was presented by his letter and also by the statements counsel made, which are on the record, that he had indeed falsified his military record, that that admission, even if we apply, obviously, Ameline and Blakely, that that admission was sufficient so that it doesn't have to go back down on remand and have to be presented to a jury. Now, counsel points out... Well, the question is whether it's material then. Yes, and I was going to go to that. Counsel points out, well, the question is whether it's material. And while it is true, and here's a novel argument that the government has come up with, but here's their response to that. While it is true that the issue of whether something is material in criminal cases that we handle when you have the violation of the law, you're looking at the question of materiality, and that goes to the jury because it's an issue of fact. Those cases, in this particular instance, are distinguishable, and here's how. This is a situation where it is not the victim, it's not some third party, it's not the bank or some government agency that has been defrauded by some falsehood, and now the government has to show that, indeed, that false statement influenced the decision-maker. This is a situation where the decision-maker is, in fact, the sentencing judge. And so it raises the context of sentencing when what the defendant has done is not lie to another victim, a third party victim, but actually presented false information to the sentencing judge. He is the decision-maker. Isn't that person, the judge of sentencing, in the best position to make a determination of whether or not the misstatements of the falsehood are sufficiently important that it would have influenced his decision? It seems to me that if we go to the other argument and say, well, the judge shouldn't decide the matter-of-reality when the lie was to him, in fact. It should go to the jury, and the jury should be asking, well, would the judge have thought this was important? Or would the judge have, his decision would have been influenced by the lie that the defendant perpetuated upon the judge? That's just, I don't think that the cases of matter-of-reality necessarily apply. These are probably issues that should weight Booker and Fan-Fan in. I totally agree, but I think that's a question there. Did the government advocate this special condition of supervised release? No, the government did not advocate it at all. Both the letters, there were two letters, there was the initial letter and then there was the subsequent letter because the probation department amended the probation report and both letters contained the same language as part of what they were recommending. I don't honestly believe that anyone gave it any thought. I think clearly the record reflects that the defendant did not advocate it. Well, the judge gave it some thought because he... Well, I mean, the parties did not give it any thought. Obviously, the judge put it in, but what I'm trying to say is the parties did not give it any thought. The defense did not argue when they were before the judge that they were dissatisfied with that condition or they wanted a change and therefore the government did not focus on that aspect of the conditions of supervised release. That is why I think the standard of review is plain view, is plain error. Now, having said that it is plain error, we now have to look at the actual facts of this case, in my opinion, which says, okay, can this be justified and I don't think it's necessary to remand it because really this is a unique sort of situation. Here's a person who enters into a guilty plea and he's out on bail, he's only looking at probation and what he does is he has continued during the time that he's been out on bail to commit crimes, he has continued to behave in a manner that is consistent with his original crime, which you think about it, the original crime was false statements in the bankruptcy proceedings and now he has continued. So why does a police officer have to go search his house at 3 o'clock in the morning to make sure he's not submitting false bankruptcy statements or engaging in other kinds of similar conduct? I think the answer to that is it's because probation believes that this is a person that cannot be trusted and so does the judge. I mean, it's clear from the comments the judge makes that you're totally a person that cannot be trusted that has no remorse really because he has continued to commit fraudulent type offenses while he's out on bail and so therefore you don't have a person the system hasn't reached the person, it hasn't made an impact and said to him you need to stop committing these types of frauds and committing these types of falsehoods and so I think that in that regard it is somewhat So it wouldn't be sufficient to authorize a search from say 9 to 5 on, you know, some reasonable suspicion or something? Would it be sufficient? It wouldn't be in your view Well, obviously would it be sufficient? I mean that's a to me the question then becomes would it be sufficient? It's possible and we don't know that if the defendant had argued that before the court the court may have taken a different view if they have Well no, now you're defending this particular condition Well now we're defending it because that is the position that the government has to take in this matter. Obviously we Well you don't have to take that position. Well, but the question then becomes is there a need for a remand on that issue when it seems to me that the judge, we can say here that on this record the judge can look at the record and make a determination that this is a unique set of circumstances where the defendant cannot be truly trusted at all Is there anything in the record where the judge explained the basis of the need for this particular condition? No, because it was not brought to light. But I do think that in the comments when he issued the sentencing you can see that the state of mind of the judge is that this defendant cannot be trusted at all in fact he has to remand him into custody prior to this because the defendant continued to commit fraudulent crimes and continued to give misdemeanors to pretrial. So clearly I think he's facing a defendant who not only has no remorse, his conduct shows he has no remorse but has sort of ignored the judicial system and continued to behave in a criminal manner in disregard of the system. And I think with that in mind it's hard to say that it is plain error for the judge to have imposed the condition that he did impose. Is there another question? Thank you. Thank you. I believe you had a minute or so for rebuttal. Your Honor, with respect to the enhancements, there are more elements than merely that the defendant lied and that it was material. Also it was necessary for the government to prove that the conduct related to the offensive conviction and also that the obstructive conduct was done willfully. Those are additional elements. It's again not merely that he lied. So those are additional elements that needed to be proved to a jury. And with respect to the condition, what it still comes back to is why was it necessary for this condition to be so broad? We don't know because the judge simply did not give any explanation which makes it very difficult for appellate review. This court can't really tell why the judge imposed the condition that he imposed, which is why we would ask that it be at a minimum. Were you counsel to trial? I was not, Your Honor. So we would at a minimum that it be remanded so the court can at least give some explanation as to why such a broad condition was necessary in this case. Unless the court has any further questions, I would thank the court. Thank you. Thank you, counsel. We appreciate your arguments. The matter will be being submitted and that ends our session for today. All rise. This court for this session stands adjourned. Thank you. I guess I'm not. I didn't get that. No, I don't. I'm sorry. I'm sorry. Yeah. Mhm. Mm. Mhm. Yeah. mhm. Yes. Mhm. Yeah. Mhm. Yeah. Mhm. Mhm.
judges: B. Fletcher, Noonan, Paez